UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES KYLE GREEN,

    Plaintiff,

    v.                                                     CAUSE NO. 3:15-CV-00180-MGG

NANCY A. BERRYHILL,[1] Acting
Commissioner of Social Security
Social Security,

    Defendant.

## OPINION AND ORDER

On January 19, 2017, Plaintiff, James Green ("Green"), filed his Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA") 28 U.S.C. § 2412(d) seeking $7,942.00 in attorney fees. On February 1, 2017, Defendant, Commissioner of Social Security ("Commissioner"), filed a response arguing that fees were not warranted because the her position was substantially justified. Green's motion became ripe on March 8, 2017, when he filed a reply brief. On March 8, 2017, Green also filed his Supplemental Motion of Award of Attorney's Fees Pursuant to the EAJA seeking $10,032.00 in attorney fees, which included supplemental work. The Commissioner filed no response to Green's supplemental motion.

### I.    Relevant Background

On September 12, 2012, Green filed an application for SSI, alleging disability beginning September 12, 2012. Green's application was denied, and after a hearing, an administrative law judge ("ALJ") issued a decision denying Green's claim.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

On April 23, 2015, Green filed a complaint in this Court seeking reversal or remand of the Commissioner's decision. The Court remanded the case to the Social Security Administration in order to more fully articulate its rationale at the Step Three and RFC analyses. Both analyses failed to build a logical bridge between the evidence in the record and the ALJ's conclusions that Green did not meet Listings 3.04B (Cystic Fibrosis) and 5.08 (Weight loss due to any digestive disorder) and that he could perform sedentary work.

Green now argues that he is entitled to attorney fees pursuant to the EAJA because he is the prevailing party and the Commission's position was not substantially justified. Green also requests a cost-of-living adjustment of fees. In total, Green claims $10,032.00 in attorney fees and asks that the full amount be paid directly to his attorney.

## II. ANALYSIS

The EAJA provides that ". . . a court shall award to a prevailing party other than the United States fees and other expenses, in addition to costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . including proceedings for judicial review of agency action . . . unless the court finds that the position of the United States was substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A). A party seeking an award of fees must be a prevailing party, timely file a petition, request reasonable fees, and allege that the United State or agency was not substantially justified. *See* 28 U.S.C. § 2412(d)(1)(B). The only issue disputed, here, is whether the government's position was substantially justified.

The Commissioner bears the burden of establishing that her position was substantially justified. *Mogg v. Astrue*, 266 F. App'x 470, 471 (7th Cir. 2008). The Commissioner's position includes her position during litigation and during the administrative proceeding. 28 U.S.C. § 2412(d)(2)(D); *Cummings v. Sullivan*, 950 F.2d 492, 496 (7th Cir. 1991). The Commissioner's

position is substantially justified if it is "justified to a degree that could satisfy a reasonable person," or in other words, "if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565–66 (1988). This Court must consider whether the Commissioner's pre- and post-litigation "position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004).

In this case, the Commissioner argues that the ALJ's mistakes were no more than errors of articulation, which do not compel a finding that the government's position was not substantially justified. [DE 38 at 45]. The Court is not persuaded. As discussed below, the ALJ's failure to articulate rose to such a degree that the Court could not evaluate the reasonableness of the opinion. Moreover, the Commissioner defended the ALJ's opinion on a forbidden basis before this Court.

### A. The ALJ failed to discuss either Listing adequately

Here, the Court remanded Green's case because the ALJ's step three analysis did not build a logical bridge between the evidence in the record and the ALJ's conclusion that no Listing was satisfied. [DE 33 at 11, 13]. There was evidence that both Listings 3.04B and 5.08 were satisfied, yet the ALJ articulated nothing to dismiss the Listings other than to state that 3.04B was not met without any mention of 5.08. In addition, the Commissioner argued on behalf of the SSA before this Court contending that the ALJ's decision included evidence demonstrating that the ALJ found Green noncompliant with treatment, which would necessarily defeat eligibility for both Listings. The ALJ's reliance on Plaintiff's possible noncompliance with treatment, however, was not clearly stated in his decision. The only hint the ALJ gave of a

3

finding of noncompliance with treatment was his statement that Plaintiff's FEV1 values improved during each of his hospitalizations. [DE 11 at 26]. The ALJ never used the word, "noncompliant," and it is far too big a leap to conclude that the ALJ inferred noncompliance from Green's improved FEV1 values.

It is the ALJ, not the Commissioner's lawyers, who must "'build an accurate and logical bridge from the evidence to h[is] conclusion.'" *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (quoting *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir.2001)). The Court must confine its review to the reasons supplied by the ALJ. *Id.* (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Johnson v. Apfel*, 189 F.3d 561, 564 (7th Cir.1999); *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir.1996)). Yet, "[t]he commissioner's position [during judicial review before the district court] may be substantially justified even if it turns out to be completely wrong." *Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir. 2011).

Here, Green argues that the ALJ's "inadequate discussion" was more than a mere failure to articulate. In support, Green cites *Brindisi ex rel. Brindisi v. Barnhart*, No. 00 C 6495, 2003 WL 21696195, at \*3 (N.D. Ill. July 21, 2003) and *Scott v. Barnhart*, No. 99 C 4651, 2003 WL 1524624, at \*6 (N.D. Ill. Mar. 21, 2003)] for the proposition that an ALJ's opinion can be so deficient in its analysis that it crosses the line from a mere failure to articulate to the point where a court cannot evaluate the reasonableness of the ALJ's finding. In both cases, EAJA fees were awarded to the claimant after the Seventh Circuit reversed and remanded based on the ALJs' improper evaluation of a Listing.

In *Brindisi*, the ALJ did not even mention the Listings under which the claimant was evaluated and failed to discuss an audiogram, which the Seventh Circuit considered to be the most relevant piece of evidence. 2003 WL 21696195, at \*1. The ALJ also failed to comply with

a Social Security Ruling requirement that he explain his finding that the parents in that case were not fully credible. *Id.* at 2. In its consideration of the claimant's request for EAJA fees, the district court opined that "mere inadequate explanation" does not mandate an award of EAJA fees. *Id.* at *4. The court, however, found that the Commissioner's position in that particular case was not substantially justified based on the Seventh Circuit's conclusion that the ALJ's opinion was so devoid of support that it could not even determine the reasonableness of the ALJ's finding. *Id.*

In *Scott*, the Seventh Circuit had previously held that the ALJ failed to adequately discuss an applicable Listing and failed to adequately discuss the evidentiary record in the context of that Listing. 2003 WL 1524624, at *3. In the Seventh Circuit's view, the ALJ's decision provided no reasonable way to discern whether the decision had an adequate factual basis. *Id.* at 2. The district court accordingly concluded that the Commissioner lacked a substantially justified position. *Id.* at 6.

Here, the ALJ's decision left the Court with no articulated explanation for why Listings 3.04B and 5.08 were not met, especially in light of evidence in the record suggesting otherwise. As such, the ALJ's failure to articulate prevented the Court from evaluating the reasonableness of the ALJ's finding. The Commissioner's post hoc noncompliance argument also carries no weight in light of the lack of any reference to noncompliance in the ALJ's opinion. Therefore, the Commissioner's position was not substantially justified and EAJA fees are in order.

**B.     The Commissioner defended the ALJ's opinion on a forbidden basis**

The Commissioner's noncompliance argument also was improperly raised with the apparent goal of filling a gaping hole in the ALJ's analysis, but without having been made by the ALJ in the first place. The Commissioner's position is unjustified when the Commissioner

defends the ALJ's opinion on a forbidden basis. *Bassett*, 641 F.3d at 860 (citing *Golembiewski*, 382 F.3d at 724). "[G]eneral principles of administrative law preclude the Commissioner's lawyers from advancing grounds in support of the agency's decision that were not given by the ALJ." *Golembiewski*, 382 F.3d at 725. Without any reference to, or even a reasonable inference of, noncompliance in the ALJ's opinion, the Commissioner was forbidden from attempting to support the ALJ's decision based on noncompliance. Therefore, the Commissioner's noncompliance argument was not substantially justified.

## CONCLUSION

Because the ALJ left the Court with no means of evaluating the reasonableness of his finding, and the Commissioner defended the opinion on a forbidden basis, the Commissioner's position was not substantially justified. Therefore, the Court **GRANTS** Green's motions [DE 35 & 42]. The Court **ORDERS** the Commissioner to pay Green $10,032.00 for attorney's fees with permission to make the award payable directly to Green's attorney, Joseph W. Shull, should the Commissioner determine that Green owes no debt subject to offset. *See Mathews-Sheets v. Astrue*, 653 F.3d 560, 565–66 (7th Cir. 2011) (citing *Astrue v. Ratliff*, 560 U.S. 586, 593–94 (2010)).

 **SO ORDERED**

Dated this 19th day of April 2017.

              s/Michael G. Gotsch, Sr.
              Michael G. Gotsch, Sr.
              United States Magistrate Judge